LOLLEY, J.
|! Defendant Steven Lee Hudson and in-tervenor defendants Ruth Branford, Dorothy K. Thompson, Zabrina Johnson, and Denise Walker (collectively, the “appellants”) appeal the judgment of the 26th Judicial District Court, Parish of Webster, State of Louisiana, in favor of plaintiff Madden Construction Company, Inc. For the following reasons, we affirm the judgment of the trial court.
FACTS
In 1918, John and Emma Flournoy Harris purchased a 40-acre tract of land in Webster Parish (the “property”). Since that time, Madden Construction Company, Inc. (“Madden”), purchased a 7.5 percent undivided interest in the property from two of the heirs of John and Emma Flour-noy Harris. Steven Hudson acquired a 43.75 percent undivided interest in the property by inheritance. Webster Parish public records showed that Alice Harris, Gladys Harris Oliver, Mary Elizabeth Anderson, Lou Harris, Felix Harris, Booker T. Green, and Lee Odis (the “recorded owners”) owned the remainder of the property.
Madden petitioned the trial court for partition of the property in May, 2010, naming Hudson and the recorded owners as defendants. However, after a diligent effort to locate the recorded owners, their whereabouts remained unknown. The trial court appointed a curator who posted two advertisements in the local newspaper requesting that anyone with information concerning the whereabouts of the recorded owners contact him.
lain April 2012, Hudson filed a petition to force a private sale of Madden’s minority share of the property pursuant to La. R.S. 9:1113. Shortly thereafter, Ruth Branford, Dorothy Thompson, Zabrina Johnson, and Denise Walker (the “interve-nors”) filed a petition for intervention uniting with Hudson to resist Madden’s- partition action. The intervenors claimed co-ownership of the property as heirs of recorded owner Mary Elizabeth Anderson. The day before the partition hearing and after the curator had submitted his report to the trial court, the appellants provided the curator with a letter listing the purported heirs of many of the recorded owners, which list contained the intervenors among them. However, due to the extremely late nature of the information, the curator did not attempt to contact the alleged heirs prior to the hearing.
After a bench trial, the trial court determined that the evidence submitted on the part of the intervenors failed to establish an ownership interest in the property and treated the recorded owners as absentees. The trial court denied Hudson’s request for private sale of the property as untimely *469 and granted Madden’s request to partition the property by licitation. This appeal by the appellants followed.
DISCUSSION

Absentees

As their first assignment of error, the appellants argue that the trial court erred in its determination that the recorded owners were absentees. The appellants claim that pursuant to La. C.C.P. art. 5251(1), a person believed to be dead is not an absentee if information concerning the |sperson’s heirs becomes available. More specifically, the appellants argue that the curator failed to properly discharge his duty as to notice when he relied solely upon the public record even after receiving information concerning the probable heirs of many of the absent parties. The appellants seek to nullify the partition action due to the curator’s failure to serve notice to the heirs of the recorded owners and the resultant nonjoinder of an indispensable party.
The trial court correctly defined the recorded owners as absentees. No one may be compelled to hold a thing in indivisión with another unless the contrary has been provided by law or juridical act. La. C.C. art. 807. Due process dictates that a court may not deprive a person of a right to property unless the person is subject to the jurisdiction of that court and receives fair notice and an opportunity to be heard. Shaffer v. Heitner, 483 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Where a defendant is subject to a court’s jurisdiction, but the defendant cannot be located with diligent effort, the court shall appoint an attorney to represent the defendant. La. C.C.P. art. 5091. An attorney as curator must use reasonable diligence to communicate with the absentee and inform the absentee of the pendency of the action and time delays within which action must be taken on the absentee’s behalf. La. C.C.P. art. 5094.
Louisiana C.C.P. art. 5251 defines an absentee as:
[A] person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually |4present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown. (Emphasis added).
Where an absentee’s property is partitioned by licitation, the absentee’s share of the proceeds shall be deposited into the registry of the court for the account of the absentee, his succession representative, or heirs. . La. C.C.P. art. 4628. Substitution for a deceased party generally requires proof of quality, such as an affidavit of death and heirship or a judgment of possession. Kemper v. Don Coleman, Jr., Builder, Inc., 31,576 (La.App.2d Cir.07/29/99), 746 So.2d 11, writ denied, 1999-2954 (La.01/07/00), 752 So.2d 861.
Here, the record reflects that the trial court correctly identified the recorded owners as absentees. John Madden, vice-president of Madden Contracting Company Inc., testified concerning his efforts to ascertain the identities of additional co-owners of the property and their whereabouts. He stated that he discovered the names of the recorded owners by conducting a public records search. He then posted an advertisement in a local newspaper offering a reward for information concerning their whereabouts. He also personally questioned individuals in the community with the same last names as those of the *470 recorded owners; however, his inquiries provided no further information.
The curator, Dale Montgomery, also testified concerning his efforts to notify the recorded owners, which included posting two advertisements in the local newspaper requesting information concerning their whereabouts. He too was unable to contact them.
| ^Hudson testified concerning his knowledge of the recorded owners and their heirs. While he provided his personal knowledge as to who may have inherited from Alice Harris, Gladys Harris Oliver, Mary Elizabeth Anderson, Lou Harris, and Felix Harris, Hudson admitted that he had never heard of either Booker T. Green or Lee Odis, two of the recorded owners.
Finally, the intervenors attached several documents with their petition to intervene in an attempt to prove that they were the rightful heirs of recorded owner Mary Elizabeth Anderson. These documents included the death certificate of Mary Elizabeth Anderson’s daughter, Mary Taylor, a funeral notice of Mary Taylor’s daughter, Betty Johnson, and a parcel listing naming Mary Elizabeth Anderson as one of the recorded owners of the property.
Based on the evidence before it, the trial court correctly determined that the recorded owners were absentees. The evidence provided to the trial court by the intervenors’ petition, while instructive, was insufficient to prove that they were heirs of the recorded owners. Furthermore, recorded owners Booker T. Green and Lee Otis are undeniably absentees as neither party had any information concerning them. Therefore, because the whereabouts of the recorded owners remained unknown and because no proof of quality concerning possible heirs was forthcoming after a diligent effort, the trial court properly treated the recorded owners as absentees.
Although appellants argue that Montgomery failed to perform a diligent effort to provide notice to the heirs of the recorded owners, the trial court properly held that Montgomery had satisfied his responsibilities as ^curator. Considering the efforts made to contact the recorded owners and the extremely late letter purporting to name the heirs of the recorded owner, which Montgomery received only one day before the hearing despite the fact that the partition had been pending for over two years, it cannot be said that Montgomery failed to use reasonable diligence in carrying out his duties. The recorded owners’ interest in the partition hearing was protected by the appointment of a curator. Should the intervenors establish their filiation to the absentee recorded owners at a later date, they may then claim their portion of the sale proceeds deposited in the registry of court. This assignment of error is without merit.

Partition by Licitation

Next, the appellants argue that the trial court erroneously granted a partition by licitation without requiring Madden to meet its burden of proof showing that the subject property was not susceptible to partition in kind. Property may be partitioned by licitation regardless of whether it is susceptible to partition in kind if at least one co-owner is an absentee. La. C.C.P. art. 4621; Munsterman v. Crawford, 532 So.2d 264 (La.App. 3d Cir.1988), writ denied, 535 So.2d 743 (La.1989). As stated above, the trial court correctly identified the recorded owners as absentees and, therefore, properly granted partition by licitation. Madden was not required to show that partition in kind was not possible, and this assignment of error is without merit.
| ■Private Sale
As their final assignment of error, appellants argue that the trial court erro *471 neously denied Hudson’s request for a private sale of the property. Appellants claim that because the heirs of the recorded owners were never properly served a copy of the petition by the curator, the triggering event for accrual of the time limitation on filing for a private sale never occurred. We disagree.
When a minority co-owner moves for a partition of undivided property, La. R.S. 9:1113(A) allows the remaining co-owners to purchase the minority co-owner’s share by private sale. However, La. R.S. 9:1113(B) provides a limited time frame within which to file a motion for private sale and states, in pertinent part:
Each remaining co-owner shall have thirty days from the date the last defendant is served with the petition to partition or thirty days from receipt of written notice, sent by certified mail or commercial courier, from a co-owner waiving his right to purchase, whichever is earlier, in which to file a notice to exercise his option to purchase his pro rata share of the property being sold.
Here, the record reflects that the curator filed an answer on behalf of the absentee recorded owners on June 6, 2010, and that Hudson filed his answer on June 10, 2010. Not until April 4, 2012, did Hudson file a motion for private sale of the property pursuant to La. R.S. 9:1113(A)-well after the 30-day -window allowed by La. R.S. 9:1113(B). The trial court correctly denied Hudson’s motion for private sale of the property as untimely, and this assignment of error is without merit.
| ^CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in favor of Madden Contracting, Inc. All costs of this appeal are to be paid by Steven Lee Hudson, Ruth Branford, Dorothy K. Thompson, Zabrina Johnson, and Denise Walker.
AFFIRMED.