# Memo

**To:** Clerk's Office
**From:** **Pitman, C.J.**
**Subject:** No. 55,515-CA *Breonna Green, Et Al v. Taylor Rental Properties, Inc., Et Al*
**Date:** May 13, 2024

This memorandum is to advise all companies responsible for publishing opinions from the Second Circuit Court of Appeal, State of Louisiana, that the attached opinion, *Breonna Green, Et Al v. Taylor Rental Properties, Inc., Et Al,* 55,515-CA (La. App. 2 Cir. 4/10/24), ___ So. 3d ___, replaces the original opinion rendered on April 10, 2024, in its entirety. The cite on the first and second lines of page 8 has been corrected to read as follows:

La. C.C.P. art. 5091(A)(1)(a).

This correction does not in any manner change the disposition of the opinion, and all other contents remain the same.

Judgment rendered April 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,515-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BREONNA GREEN, ET AL                    Plaintiffs-Appellees

versus

TAYLOR RENTAL                           Defendant-Appellant
PROPERTIES, INC., ET AL

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2016-CV-00432

Honorable Jefferson B. Joyce, Judge

* * * * *

HALLACK LAW FIRM, APLC                  Counsel for Defendant-
By: Dennis W. Hallack                   Appellant, Taylor Rental
                                        Properties, Inc.


WHIDDON LAW OFFICE                      Counsel for Plaintiffs-
By: Keith T. Whiddon                    Appellees, Breonna
                                        Green and Cariynnah
                                        Green

* * * * *

Before PITMAN, STEPHENS, and ROBINSON, JJ.

**PITMAN, J**.

Defendant-Appellant Taylor Rental Properties, Inc. appeals the denial of a petition to annul a judgment rendered in favor of Plaintiffs-Appellees, Breonna Green and Cariynnah Green, for failure of notice and service and denial of a petition to enjoin a sale of property seized under a writ of fieri facias ("writ of fifa"). For the following reasons, we reverse and remand.

## FACTS

Plaintiff Breonna Green filed a petition in Monroe City Court in 2016 and alleged that on November 6, 2015, she was operating her vehicle with her daughter, Cariynnah Green (collectively, "Plaintiffs"), riding as a passenger in a car seat, when a tree limb from a neighbor's property fell on her car as she drove into her driveway, causing injury to both of them. She alleged that her driveway was located at 1705 South 5th Street in Monroe and that the tree limb fell from a tree on property owned by Defendant at 1703 South 5th Street. Defendant's agent for service of process is Randal Taylor. Plaintiffs alleged that Defendant was insured with a general liability policy issued by XYZ Insurance Company and that Randal Taylor could be served at 162 Ranch Road, Downsville, Louisiana. They requested that service to XYZ Insurance Company be withheld.

Plaintiffs were unable to perfect service at the address listed for Randal Taylor and did not know which company actually insured Defendant, so a motion to appoint a curator ad hoc was filed in September 2016. Within days, the city court granted the order and appointed attorney Louis Scott as curator ad hoc for Defendant. The curator filed an answer to the petition, which contained general denials and moved that the petition for executory process be dismissed. Mr. Scott sent a letter by certified mail to Randal Taylor and

Defendant at 1115 Ole Highway 15, West Monroe, Louisiana. This letter was returned by the post office on September 28, 2016, with the notation, "Return to Sender Insufficient Address Unable to Forward." Mr. Scott also sent the same certified letter and petition to the address at 162 Ranch Road, Downsville, Louisiana. On September 28, 2016, it too was returned with a notation stating "Return to Sender Not Deliverable as Addressed Unable to Forward."

A trial date was set for November 15, 2016, but was continued at Plaintiffs' request. Two years later, in November 2018, the curator ad hoc filed his return and stated that he had performed an internet search for Defendant on Facebook, Instagram, Twitter, InstantCheckmate and BeenVerified.com and/or Peoplesmart.com. His return did not state that he had searched the records of the Louisiana Secretary of State. After a Google search, he located a physical address and drove to a location at 2102 Forsythe Avenue in Monroe, where he was told by the manager that it was not the same company he was seeking. The curator filed a claim for his fee and expenses of $832.36. The trial judge ordered that the fee be taxed as court costs against Plaintiffs. The curator filed another identical return in May 2019.

A rule to show cause hearing was held on May 9, 2019, at which Plaintiffs' attorney and the curator ad hoc appeared. The curator notified the trial court that he had sent the certified mail to two locations, both of which had been returned to him as not deliverable. He placed the proof of these in the record, and the hearing continued. Plaintiffs' attorney presented documentary evidence and testimonial proof of their claim against Defendant.

At the trial held to establish Plaintiffs' right to damages and default judgment, evidence was entered, stating the owner of the house with the

2

defective tree could be found at P. O. Box 2088, West Monroe, 71924. This information was entered into evidence in conjunction with a three-page document from the Ouachita Parish Assessor's Office for the 2016 tax year. At that hearing, the trial court noted the document was being introduced to show that Defendant owned the immovable property and tree from which the tree limb fell. The trial court issued a judgment on June 10, 2019, finding that Plaintiffs had "satisfied her [their] burden of proof making Taylor Rental Properties, Inc. liable for damages" in the amount of $14,873.00.[1]

Plaintiffs later sought the seizure of a house located at 508 Crosley Street, West Monroe (Lot 5, Square 3 Mrs. SC Eby's 2nd Addition). This property also belonged to Defendant and was seized to satisfy the $14,873 judgment. Although the service of the writ of fifa was not signed by the deputy clerk of the city court, the document stated that personal service of the writ of fifa package had been made on Defendant on October 2, 2019.

On November 15, 2019, Defendant filed a petition entitled "Petition to Enjoin Marshal's Sale under Writ of Fieri Facias, for a TRO and to Annul Judgment under LSA-CCP Art. 2002(A)(2)," alleging that despite the fact it had not received service of citation, notice or petition, the trial court had rendered judgment in favor of Plaintiffs and against it. Defendant also alleged that the Plaintiffs' petition correctly identified Randal Taylor as the agent for

---

[1] In September 2019, Plaintiffs filed a request for the issuance of a writ of fifa to seize a house and property located at 610 South Sixth Street in Monroe (Lot 15, Square 74 Layton's Third Addition) and that it be sold to satisfy the money judgment of $14,873. The request also asked that the sheriff serve upon the Defendant written notice of the seizure and identification of the property seized through its attorney of record, as well as the availability of housing counseling services and the time and date of the sheriff's sale. The curator was served with the writ of fifa on September 16, 2019. The judgment plus interest, court costs, marshal's fee and return of the writ brought the total due to $16,531.06.

service of process for the named Defendant but that the address for service was incorrect.

Defendant further alleged that at the time service request was made, the publicly available website provided by the Louisiana Secretary of State's Office provided that Defendant's registered agent was Randal Taylor, whose address was listed as 1115 Ole Hwy 15 Lot 11, West Monroe, Louisiana. Further, it alleged that since 2011, Randal Taylor had resided at 125 Ridgedale Drive, West Monroe, and that during that time he had been served with legal process approximately 20 times, making him well-known to local civil sheriff's and marshal's deputies who serve process. Thus, it claimed a simple phone call or visit to the Ouachita Parish Sheriff's Office, the West Monroe Marshal's Office or Monroe City Marshal's Office would have led to Randal Taylor.

Defendant noted that the curator never indicated that he looked on the Louisiana Secretary of State's Office website and never attempted to locate the owner's address for the property at the local tax assessor's office. Thus, he failed to meet his duty to exercise reasonable diligence in locating the owner for service of process. For these reasons, Defendant claimed the judgment rendered in Plaintiffs' favor is absolutely null and the attempt to seize and sell its property at 508 Crosley Street in West Monroe should be enjoined. It prayed for a TRO restraining Plaintiffs from disposing or encumbering any property owned by it pending further order of the court and, eventually, that a preliminary and then permanent injunction be issued.

At the hearing on the rule to show cause why the injunction should not be issued, Defendant's attorney filed four documents regarding the improved immovable property situated at 1703 South 5th Street in Monroe (from which

4

the tree limb fell). These documents included a document from the assessor's office for 2006 through 2022; a 1998 deed from its original purchase of the property; the 2007 multiple indebtedness mortgage on the property; and the 2018 assignment of rents and leases on the property. It claimed these exhibits contained addresses through which it could have been notified of the Plaintiffs' suit against it and argued that the curator should have done more to try to locate the company.[2] The matter was continued until May 2, 2022.

On that date, the trial court heard further argument, considered briefs and took the matter under advisement. On May 25, 2022, it denied the petition to enjoin the sale under the writ of fifa and to annul the judgment under La. C.C.P. art. 2002(A)(2). Its reasons for judgment state that service of civil citation was attempted in March 2016 when the curator filed a letter with the clerk of court's office asking that service be attempted on Randal Taylor at 1115 Ole Hwy 15,[3] requesting proof of service once perfected and to contact him if there were any questions. It found that the curator's efforts were reasonable and that he had attempted service at the proper address for service of process. For these reasons, the trial court denied the petition to set aside the marshal's sale or annul the judgment.

Defendant appeals the judgment of the trial court.

## DISCUSSION

Defendant asserts that the curator ad hoc failed in his duty to exercise reasonable diligence in locating and notifying it of the property involved in a premises liability suit for personal injury when its identity is readily available

---

[2] At the time of the hearing, the curator ad hoc was extremely ill and was unable to attend or provide any testimony regarding the attempts he made to contact Defendant.

[3] The address should have included that delivery was to be made at this address and Lot 11 if it were to be a complete address.

in the tax assessor's records or those of the clerk of court of the parish in which the property is located. It argues that the underlying judgment rendered in Plaintiffs' favor is an absolute nullity as a result of the total failure of the curator ad hoc to serve it with the original petition; and, thus, the petition to enjoin the marshal's sale under the writ of fifa should have been granted.

Defendant further argues that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction or against whom a valid default judgment has not been taken. It also argues that the judgment is an absolute nullity because of the vice of form—the lack of a valid citation and service of process. The curator's failure to diligently search the public records with regard to the immovable property from which the tree limb fell violated Defendant's due process rights, and it cannot be deprived of a right to property unless it was subject to the jurisdiction of the court.

Plaintiffs contend that the "reasonably ascertainable" argument actually refers to a party's identity, not that party's address. Plaintiffs always knew who owned the property from which the tree limb fell but did not know where Defendant could be found for service of process. They defend the curator's actions in the search he performed to locate the owner of the property causing the harm.

Plaintiffs argue that the curator attempted service of process by certified mail at two addresses, which were both returned. Plaintiffs claim this was Defendant's fault, not theirs, and that the curator had done all that was expected of him in finding the proper address for service. For these reasons, they claim the trial court properly denied the petition to annul the judgment and the petition to enjoin the sale of the property.

In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a district court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Hall v. Folger Coffee Co.*, 03-1734 (La. 4/14/04), 874 So. 2d 90.

A final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction or against whom a valid default judgment has not been taken. La. C.C.P. art. 2002(A)(2). In an action to annul a judgment based on the validity of service, the burden of proof lies on the claimant to show by a preponderance of the evidence that service was not properly made. *Harriss v. Archives Grill, LLC*, 51,298 (La. App. 2 Cir. 4/5/17), 217 So. 3d 1203. Proper citation is the cornerstone of all actions. *Martin v. Unopened Succession of Martin*, 49,573 (La. App. 2 Cir. 1/14/15), 161 So. 3d 1010. Without citation and service, all proceedings are an absolute nullity. *Id.* Even a defendant's actual knowledge of a legal action cannot supply the want of citation. *Id.*

Injunctive relief prohibiting the sheriff from proceeding with the sale of property seized under a writ of fifa shall be granted to the judgment debtor or to a third person claiming ownership of the seized property when the judgment sought to be executed is absolutely null. La. C.C.P. art. 2298(4).

The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when it has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is a nonresident or absentee who has not been served with process, either personally or through an agent for the service of

process, and who has not waived objection to jurisdiction. La. C.C.P. art. 5091(A)(1)(a). Where a defendant is subject to a court's jurisdiction, but the defendant cannot be located with diligent effort, the court shall appoint an attorney to represent the defendant. *Madden Contracting Co. v. Harris*, 47,951 (La. App. 2 Cir. 4/10/13), 113 So. 3d 466.

"Absentee" means a person who is either a nonresident of this state or a person who is domiciled in, but has departed from, this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state. La. C.C.P. art. 5251(1).

It is incumbent upon the curator to use reasonable diligence to communicate with the defendant and to inform him of the pendency and nature of the forfeiture proceedings. La. C.C.P. art. 5094.

Due process dictates that a court may not deprive a person of a right to property unless the person is subject to the jurisdiction of that court and receives fair notice and an opportunity to be heard. *Madden Contracting Co. v. Harris*, *supra*, *citing Shaffer v. Heitner*, 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950). Notice is constitutionally adequate when "the practicalities and peculiarities of the case ... are reasonably met." *Id*. The court in *Mennonite*

8

*Bd. of Missions v. Adams*, 462 U.S. 791, 103 S. Ct. 2706, 77 L. Ed 2d 180

(1983), also stated:

> Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale. When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane*. (Citation omitted.)

Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable. *Id.*

The salient issue in this appeal is whether the curator ad hoc exercised the reasonable diligence necessary to locate Defendant prior to the default judgment being rendered against it and whether that judgment is absolutely null. Although the curator attempted to notify Defendant by certified mail at the addresses known to him, he did not perform a search of the tax assessor's records or the conveyance and mortgage records of the Ouachita Parish Clerk of Court, either of which could have provided the curator with the owner's name and address. Further, documentation of Defendant's address was provided to the trial court during the hearing that resulted in the default judgment against it. Clearly, Defendant's address was easily ascertainable.

This assignment of error has merit.

**CONCLUSION**

For the foregoing reasons, the default judgment rendered in favor of Plaintiffs-Appellees Breonna Green and Cariynnah Green, and against Defendant-Appellant Taylor Rental Properties, Inc., without notice, violated

9

its right to due process and is an absolute nullity.  The judgment denying the petition to enjoin the marshal's sale is reversed, and the matter is remanded. Costs of this appeal are assessed to Plaintiffs-Appellees Breonna Green and Cariynnah Green.

**REVERSED AND REMANDED.**